**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
BEAUMONT, TEXAS, DIVISION**

| | |
|---|---|
| ESTHER CHAVEZ, on behalf of, § <br> JOSE CARLOS ESQUIVEL CHAVEZ, § <br> a minor child and next kin of § <br> Raul Esquivel Navarrete (Deceased), § <br> ***Plaintiff***, § <br> § <br> v. § <br> § <br> DUNLOP, LTD. and GOODYEAR DUNLOP § <br> TIRES NORTH AMERICA, LTD. § <br> ***Defendants.*** § | Civil Action No. : _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

I.  Parties

1.01    Plaintiff, ESTHER CHAVEZ, on behalf of, JOSE CARLOS ESQUIVEL CHAVEZ, A Minor Child And Next Kin of Raul Esquivel Navarrete (Deceased), who brings her claims on behalf of the minor child as next of kin and sole remaining heir at law of RAUL ESQUIVEL NAVARRETE, is a resident of the Country of Mexico, as is the minor child.

1.02    Defendant, DUNLOP, LTD., is a corporation that is incorporated under the laws of the State of Ohio.  Defendant has its principal place of business in the State of Ohio.  Defendant may be served with process by serving its registered agent, Gregory R. Glick, at 23200 Chagrin Blvd., Suite 600, Beachwood, Ohio 44122.

1.03    Defendant, GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. (State of Ohio Corporation), is a corporation that is incorporated under the laws of the State of Ohio. Defendant has its principal place of business in the State of Ohio.  Defendant may be served with process by serving its registered agent, CT Corporation System, at 1300 E. 9th Street, Cleveland,

Ohio 44114.

## II. Jurisdiction and Venue

2.01   *Diverse Citizenship*: The court has jurisdiction over the lawsuit because the Plaintiff's in this action action are of diverse citizenship. More specifically, Plaintiff, ESTHER CHAVEZ, on behalf of, JOSE CARLOS ESQUIVEL CHAVEZ, is a citizen of the Country of Mexico.

2.02   *Amount in Controversy*: The present aggregate amount in controversy exceeds $75,000.00, excluding interest and costs.

2.03   *Federal Question*: The court has jurisdiction over the lawsuit because the action arises under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

## III. Acts of Agents of Defendants

3.00   Whenever in this Complaint it is alleged that a Defendant did any act or thing or failed to do any act or thing, it is meant that the officers, agents, or employees of said Defendant, respectively performed, participated in, or failed to perform the acts or things alleged while in the course and scope of their employment or agency relationship with said Defendant.

## VI.   Facts

4.01   On August 23, 2003,  JOSE R. ESQUIVEL was driving his vehicle which encountered a sudden catastrophic tire failure which ultimately caused a loss of control of the vehicle and ended in a rollover.

4.02   Inside the vehicle were  JOSE R. ESQUIVEL, ADOLFO ESQUIVEL, KRISTIN R. GAY, ORLANDO DOTTOR, LUIS NAPOLEON GARCIA ESQUIVEL, and Decedent, RAUL ESQUIVEL NAVARRETE.

4.03   At the time of the accident, the automobile in question, was traveling on Interstate Highway 30. The accident occurred at mile marker 208 just west of the city of Hooks, Bowie County, Texas.

4.04   As a proximate result of the tire failure, RAUL ESQUIVEL NAVARRETE suffered bodily injury resulting in his death.

## V.   Liability

5.01   As a direct and proximate cause of each and every element of liability, breach, act of negligence, gross negligence, and/or other causes of action plead henceforth, please note that JOSE CARLOS ESQUIVEL CHAVEZ suffered the loss of his father, RAUL ESQUIVEL NAVARRETE who died as a result of the accident.

5.02   Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., were engaged in the business of development, and/or design, and/or manufacturing, and/or sales, and/or distribution, of the tire made the basis of this suit. Development, and/or design, and/or manufacturing, and/or sales, and/or distribution, of the tire in question constitutes actual and/or constructive introduction of these tires into the public stream of commerce. The tire in question was in a defective condition which made it unreasonably dangerous to the user or consumer.  The defect existed at the time of its conception of design and continued until the tire left the Defendants' control. The driver of the vehicle in question, JOSE R. ESQUIVEL was using the tire in the manner  intended for its use, or in a reasonably foreseeable usage.  Additionally, Defendants knew or should have known of a risk of harm to the user of the tire, and as such breached their duty to warn the end user of such risk.  Lack of warning added to the tire's defective condition and was an additional factor in the death and injuries sustained in this accident.

### VI. Count 1- Strict Product Liability

6.01    Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., should be charged with Strict Product Liability as applicable under Texas state law and 402(a)(b) Restatement, 2nd of Torts. The tire in question was unreasonably dangerous. Manufacturing and distribution of these tires constitutes actual and/or constructive introduction of defective tires into the public stream of commerce. The tire in question was in a defective condition which made it unreasonably dangerous to the user or consumer. This defect existed at the time the tire in question left the Defendants' control. The driver of the vehicle in question, JOSE R. ESQUIVEL was using the tire in the manner intended for its use, or in a reasonably foreseeable usage. Additionally, these Defendants knew or should have known of a risk of harm to the user of the tire, and as such breached their duty to warn the end user of such risk. Lack of warning added to the tire's defective condition and was an additional factor in the death and injuries sustained in this accident. The subject tire was unreasonably dangerously defective in one or more the following particulars:

   a.   Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. failed to warn of the inherent dangers in the design and construction of the tire and specifically did not provide adequate warnings of the propensity and/or dangers of a tread separation;

   b.   Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. failed to warn that a tread separation would dramatically alter the handling and stability capabilities of the vehicle, thus making it difficult, if not impossible, to operate the vehicle in a safe manner;

   c.   Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. designed and manufactured the subject tire without a nylon cap so as to reduce the degrading heat effects along the belt edge;

   d.   Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. designed, manufactured, and sold the subject tire with materials contaminated from foreign substances. The contamination occurred as a result of improper handling, storage and use of the tire components;

e. Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. failed to design and build a tire that would not catastrophically fail during it's normal and intended use;

f. Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. failed to properly inspect and test the subject tire;

g. Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. failed to maintain and/or establish adequate quality control parameters to ensure the product met internal design and manufacturing standards;

h. Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. failed to warn that the components of the tire and/or the adhesive properties bonding the components of the tire might prematurely fail prior to any outward visible defect that the owner could observe;

i. Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. failed to use materials in the construction of the subject tire that would maintain their adhesive qualities; and

j. Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. failed to adequately test the subject tire to determine if it was safe for the consuming public.

6.02 Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., should be charged with Strict Product Liability pursuant to Texas Civil Practice and Remedies Code Section 82.005 (Design Defect). There was a safer alternative design to the tire in question and the defect was a producing cause of the personal injury, property damage, and death for which the Plaintiffs seek recovery. A "safer alternative design" (a product design other than the one actually used) in reasonable probability would have prevented or significantly reduced the risk of the Plaintiffs' personal injuries, property damage, and death without substantially impairing the product's utility and was economically and technologically feasible at the time the product left the control of the manufacturer or seller by the application of existing or reasonably achievable scientific knowledge.

6.03 Additionally and/or alternatively, the risk of injury associated with the defects set

forth above outweighed the utility of the tire as designed and installed in the subject vehicle at the time of the accident made the basis of this lawsuit.  Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. knew or should have known of some or all of the foregoing defective and dangerous conditions yet failed to warn or inform Plaintiffs of same and instead negligently misrepresented to Plaintiffs that the subject tire was a safe tire.

### VII.  Count 2 - Breach of Express Warranty and Implied Warranty

7.01    Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., breached its written and/or implied warranty.  Under the Uniform Commercial Code there is an implied warranty of merchantability.  Additionally, Defendants breached an implied warranty that the tire in question is free of latent defects. The tire in question was not free from defects and was inherently unsafe.  Defendants' product was known by Defendants to be unsafe and to possess latent defects.

### VIII.  Count 3 - Failure to Warn

8.01    Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., knew or should have known of a risk of harm to the user of the tire in question and/or such tires generally, and as such breached their duty to warn the end user of such risk. Lack of warning added to the tire's defective condition and was an additional factor in the death and injuries sustained in this accident.

### IX.  Count 4 - Failure to Recall

9.01    Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., knew or should have known of a risk of harm to the user of the tire in question

and/or such tires generally, and as such breached their duty to recall this tire. The defects of the tire in question were in fact known to exist much earlier. Failure to recall this tire added to its defective condition and was an additional factor in the death and injuries sustained in this accident.

### X.  Count 5 - Negligence

10.01  Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., were negligent in development, and/or design, and/or manufacturing, and/or sales, and/or distribution, of the tire in question, in that this tire was not free from defects and was inherently unsafe, and that these defendants knew or should have known this. The injuries and damages of Plaintiffs are a direct and proximate result of the negligence of Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD.  Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., through their agents, servants and employees failed to exercise that level of care that a reasonably prudent manufacturer would exercise under the same or similar circumstances.  The acts and omissions constituting negligence on the part of Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD.'s agents, servants and employees include but are not limited to the following:

   a.  Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. failed to warn of the inherent dangers in the design and construction of the tire and specifically did not provide adequate warnings of the propensity and/or dangers of a tread separation;

   b.  Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. failed to warn that a tread separation would dramatically alter the handling and stability capabilities of the vehicle, thus making difficult if not impossible to operate the vehicle in a safe manner;

   c.  Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. designed and manufactured the subject tire without a nylon cap to so as to reduce the degrading heat effects along the belt edge;

d. Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. designed, manufactured, and sold the subject tire with materials contaminated from foreign substances. The contamination occurred as a result of improper handling, storage and use of the tire components;

e. Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. failed to design and build a tire that would not catastrophically fail during it's normal and intended use;

f. Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. failed to properly inspect and test the subject tire;

g. Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. failed to maintain and/or establish adequate quality control parameters to ensure the product met internal design and manufacturing standards;

h. Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. failed to warn that the components of the tire and/or the adhesive properties bonding the components of the tire might prematurely fail prior to any outward visible defect that the owner could observe;

i. Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. failed to use materials in the construction of the subject tire that would maintain their adhesive qualities; and

j. Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. failed to adequately test the subject tire to determine if it was safe for the consuming public.

10.02  Each of such acts and omissions singularly or in combination with others constituted negligence, which proximately caused the severe injuries and damages suffered by Plaintiffs and complained of herein.

### XI.  Count 6 - Gross Negligence

11.01  Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., were grossly negligent in the development, and/or design, and/or manufacturing,

and/or sales, and/or distribution, of the tire in question in that this tire was not free from defects and was inherently unsafe. It is believed and conceivable that testing to discover this defect was available, it is also believed and conceivable that the results of such testing was readily available at the time the tire in question was designed, manufactured, distributed, and/or purchased.  If in fact such testing was available at the time the tire in question was designed, manufactured, distributed, and/or purchased, an element of gross negligence would certainly exist.

### XII.  Count 7 - Fraudulent Concealment

12.01  Defendants, DUNLOP, LTD. and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., deliberately and with forethought, fraudulently concealed known or suspected defects in the development, and/or design, and/or manufacturing, and/or sales, and/or distribution, of the tire in question, in that this tire was not free from known or suspected defects and was inherently unsafe. It is believed and conceivable that new testing to discover this defect was developed, it is also believed and conceivable that the results of such testing was readily available at the time the tire in question was designed and or purchased.  It is also believed and conceivable that previous studies were conducted which were not disclosed which indicated such defects. Hence, it is not unfair to allege that these Defendants, in all probability, knew or should have known about this existing defect long before the accident made the basis of this lawsuit.

### XIII.  Count 8 – Survival Claim and Wrongful Death Claim

13.01   Plaintiff, ESTHER CHAVEZ, on behalf of, JOSE CARLOS ESQUIVEL CHAVEZ, A Minor Child And Next Kin of Raul Esquivel Navarrete (Deceased), who brings her  claims on behalf of the minor child as next of kin and sole remaining heir at law of Decedent, RAUL ESQUIVEL NAVARRETE, of wrongful death against Defendants, DUNLOP, LTD. and

GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., alleging that all of the acts of neglect, carelessness, and unskillfulness, or similar acts of their servant's or agent's, as listed in Counts 1-8, are the direct and proximate cause of the death of his father. As a result of the death of his father, as set forth herein, JOSE CARLOS ESQUIVEL CHAVEZ has suffered a loss of consortium and irreparable injury to the familial relationship, including loss of society and companionship, and has experienced the severe loss of the positive benefits flowing from the love, companionship and society he would have continued to receive from his father.

13.02  At the time of the occurrence made the basis of this suit, RAUL ESQUIVEL NAVARRETE was a healthy, able-bodied twenty-three year old male. As a result of his severe injuries, and prior to his death, RAUL ESQUIVEL NAVARRETE experienced severe and disabling physical pain, disfigurement and suffering, ultimately resulting in a horrific and excruciating death. Defendants' acts and omissions as set forth herein proximately caused the fatal injuries to RAUL ESQUIVEL NAVARRETE. By reason of his injuries and death, Plaintiff, ESTHER CHAVEZ, on behalf of, JOSE CARLOS ESQUIVEL CHAVEZ, A Minor Child And Next Kin of Raul Esquivel Navarrete (Deceased), as an heir of RAUL ESQUIVEL NAVARRETE, brings this claim for all damages for physical pain, suffering, mental anguish and all other damages sustained in the past, as a proximate result of the accident made the basis of this lawsuit, by RAUL ESQUIVEL NAVARRETE.

13.03 Accordingly, Plaintiff, ESTHER CHAVEZ, on behalf of, JOSE CARLOS ESQUIVEL CHAVEZ, A Minor Child And Next Kin of Raul Esquivel Navarrete (Deceased), seek to recover a sum of money that would fairly and reasonably compensate JOSE CARLOS ESQUIVEL CHAVEZ for the damages he has suffered resulting from the termination of the father-son relationship, including loss of the love, comfort, companionship and society that they would, in all reasonable probability, have received from RAUL ESQUIVEL NAVARRETE had he lived.

Plaintiff also seeks compensation for the emotional pain, torment, and mental anguish that he has and/or will suffered to date and, in all reasonable probability, will continue to suffer in connection with the untimely death of his beloved father.

## XIV.  General and Special Damages

14.01   The general and special damages sought under a wrongful death theory pursuant to TCPRC § 71.001-71.003, and under a survivors cause of action pursuant to TCPRC § 71.021, which are liquidated, are in the minimum amount of $1,000,000.00, and a maximum amount of $6,000,000.00.

14.02   The general and special damages sought are as follows:

- a) Mental anguish;
- b) Pain and suffering of RAUL ESQUIVEL NAVARRETE;
- c) Pecuniary loss to an heir of decedent;
- d) Loss of consortium with respect to the son of decedent;

## XV.  Exemplary Damages

15.01   The exemplary damages sought are in the minimum amount of $4,000,000.00, and the maximum amount of $24,000,000.00, but in no event to exceed four times the amount of general damages awarded.

## XVI.  Demand for Jury

16.01   Plaintiffs demand a jury trial and have tendered the appropriate fee.

<u>Prayer</u>

For the reasons set out in this first amended petition, Plaintiffs ask that Defendants be cited to appear and answer and, on final trial, that Plaintiffs have judgment against the Defendants for the following:

a. Actual and Economic damages;
b. Exemplary damages as allowed by law;
c. Mental anguish damages within the jurisdictional limits of the court;
d. Prejudgment and post-judgment interest as allowed by law;
e. Costs of suit;
f. All other relief, in law and in equity, to which plaintiff may be entitled;

Respectfully submitted,

STEFANIDES AND ASSOCIATES, LLP

By:     /s/ Savvas H. Stefanides
Savvas H. Stefanides
Texas Bar No. 50511769
Federal Bar No. 28540
Marilyn V. Stefanides
Texas Bar No. 24034689
Federal Bar No. 32332
4212 San Felipe, Suite 520
Houston, Texas 77027-2902
Telephone:    713 961-1000
Facsimile:    713 961-1006

EXEZIDIS & ASSOCIATES, P.C.

By:      /s/ Ike Exezidis
Ike Exezidis
Texas Bar No. 24002070
Federal Bar No. 573920
1631 Dunlavy
Houston, Texas 77006
Telephone:    713 522-1199
Facsimile:    713 529-1884

ATTORNEYS FOR PLAINTIFF